UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH ANTHONY ROSS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:17-cv-05593 |
| LOANDEPOT.COM, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes JOSEPH ANTHONY ROSS ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of LOANDEPOT.COM, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law ICFA claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business and maintains offices in the Northern District of Illinois.

1

## PARTIES

4. Plaintiff is a 41-year-old natural "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a mortgage lender that "employs 5,400+ lending professionals across the country," and operates 180+ local loan locations nationwide."[1] With its principal place of business located at 26642 Towne Centre Drive, Foothill Ranch, California, Defendant regularly solicits consumers located in Illinois.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In July 2017, Plaintiff consistently began receiving calls from Defendant to his cellular phone, (313) XXX-5191.

9. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 5191. Plaintiff is and has always been financially responsible for the cellular phone and its services.

10. Plaintiff was not aware as to what Defendant was or why it would be calling him, as he was not interested in its services.

11. Upon answering Defendant's phone calls, Plaintiff experiences a significant pause, lasting approximately five seconds in length, before he is connected with a live representative.

12. When Plaintiff answers Defendant's phone calls, he is solicited to enroll in its mortgage lending services.

---

[1] https://www.loandepot.com/about

13. Plaintiff has informed Defendant that he did not apply for a loan through it, and has demanded that it stop calling him.

14. Despite Plaintiff's demands, it has continued to regularly call his cellular phone up until the date of the filing of this action.

15. When Plaintiff does not answer Defendant's calls, it leaves him a pre-recorded voice message in an additional attempt to solicit him.

16. Defendant has used a variety of phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to (313) 486-4920.

17. Upon information and belief, the above-referenced phone number ending in 4920 is regularly utilized by Defendant to make outgoing calls to consumers it is soliciting for business.

18. Defendant has also called Plaintiff's cellular phone multiple times during the same day, with some of its calls ringing just minutes apart from one another.

19. Defendant has called Plaintiff's cellular phone at least 40 times since he demanded that it stop calling him.

20. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding his rights resulting in costs and expenses.

21. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $59.00 to purchase and maintain an application subscription on his cellular phone to block the calls, resulting in pecuniary loss.

22. Plaintiff has been unfairly harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the

never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

26. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The significant pause, lasting approximately five seconds in length, that Plaintiff experiences during answered calls before being connected to a live representative is instructive that an ATDS is being used. Similarly, the frequency and nature of Defendant's calls are indicative of an ATDS.

27. Defendant violated the TCPA by placing at least 40 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by his demands to cease contact.

28. The calls placed by Defendant to Plaintiff were regarding solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

29. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise

4

entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant was made aware of Plaintiff's wishes, but yet, it continued to knowingly and intentionally place calls to his cellular phone, and even placed multiple calls during the same day.

WHEREFORE, Plaintiff, JOSEPH ANTHONY ROSS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

32. Defendant's solicitation calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

33. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

5

34. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when he requested that it no longer do so. Plaintiff notified Defendant that he was not interested in its services and to stop calling. In spite of Plaintiff's demands, Defendant unfairly continued to contact him using different phone numbers in its attempt to deceive him and force him to answer its calls.

35. In defiance of the law, Defendant continued its unfair conduct of harassing Plaintiff. Defendant ignored Plaintiff's requests and unfairly continued to systematically contact him at least 40 times after thereafter. Following its characteristic behavior in placing voluminous solicitation phone calls to consumers, the calls here were placed with the hope that Plaintiff would succumb to its harassing behavior and obtain a loan through Defendant.

36. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day, even after being told to cease calling. Placing multiple calls in a short amount of time is extremely harassing behavior that amounts to unfair practice, especially after being told by Plaintiff that he does not wish to be contacted.

37. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

38. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

39. As pled in paragraphs 19 through 23, Plaintiff has suffered actual damages as a result of Defendant's unlawful solicitation practices, including expending money on a monthly application

6

subscription on his cellular phone in an attempt to block its phone calls. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Plaintiff told Defendant that he was not interested in its services and to stop calling, but yet, he was still bombarded with solicitation phone calls. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, JOSEPH ANTHONY ROSS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 31, 2017                                         Respectfully submitted,

s/ Nathan C. Volheim                                         s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                             Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                        Counsel for Plaintiff
Admitted in the Northern District of Illinois                Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                                     Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                          2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                      Lombard, Illinois 60148
(630) 568-3056 (phone)                                       (630) 581-5858 (phone)
(630) 575-8188 (fax)                                         (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                     thatz@sulaimanlaw.com